UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | : | |
| Plaintiff/Stakeholder | : | CIVIL ACTION |
| v. | : | NO.: |
| ANGELINE M. GREEN, NICOLE R. MASON, JESSICA S. MASON, and BETA CAPITAL CORP. | : | |
| Defendants/Claimants | : | |

Edna S. Bailey (IL6277775)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
*Attorneys for Plaintiff/Stakeholder*
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
312-821-6162 (Direct)
312-704-1522 (Fax)

**INTERPLEADER COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

Sun Life Assurance Company of Canada ("Sun Life") by and through its undersigned counsel, hereby files this Interpleader Complaint and avers as follows:

**JURISDICTION**

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), as the plan under which these claims for life insurance benefits arose is an employee welfare benefit plan that is governed by ERISA.

581547.1

## VENUE

2.  Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

## PARTIES

3.  Plaintiff/stakeholder, Sun Life, is an insurance company existing under the laws of the State of Massachusetts and is authorized to do business in the State of Michigan with its home office at One Sun Life Executive Park, Wellesley Hills, Massachusetts.

4.  Sheila M. Mason, now deceased, resided at 9910 Longacre Street, Detroit, Michigan 48227.

5.  Defendant/claimant, Angeline M. Green, an individual, resides at 9910 Longacre Street, Detroit, Michigan 48227, and is the cousin of the deceased, Sheila M. Mason.

6.  Defendant/claimant, Nicole R. Mason, an individual, resides at 7144 Julian Street, Detroit, MI 48204, and is the daughter of the deceased, Sheila M. Mason.

7.  Defendant/claimant, Jessica S. Mason, an individual, resides at 9910 Longacre Street, Detroit, Michigan 48227, and is the daughter of the deceased, Sheila M. Mason.

8.  Defendant/claimant, Beta Capital Corp., a business, is located at 4007 Seaboard Court, Suite 1, Portsmouth, Virginia 23701, and has been assigned a portion of the subject policy proceeds for fees in connection with the funeral of decedent, Sheila M. Mason.

## FACTUAL ALLEGATIONS

9.  Sheila M. Mason ("decedent") died on March 14, 2011.  A true and correct copy of the Certificate of Death is attached as Exhibit "A."

10. At the time of her death, decedent's life was insured under a group insurance policy, policy number 10368 ("the policy"), through her employer, MGM Resorts International, and insured by Sun Life. A true and correct copy of the policy is attached as Exhibit "B."

11. As a result of decedent's death, basic life insurance proceeds in the amount of $100,000 and optional life insurance proceeds in the amount of $48,000 became payable under the policy.

12. There are competing claims for the proceeds by and between defendants/claimants Angeline M. Green, Nicole R. Mason, Jessica S. Mason and Beta Capital Corp.

13. Upon information and belief, in February 2011, decedent designated Angeline M. Green as the primary beneficiary of the policy.

14. Angeline M. Green filed a claim for the life insurance proceeds due under the policy on March 18, 2011. A true and correct copy of the Claimant's Statement is attached as Exhibit "C."

15. On or about March 18, 2011, Jessica S. Mason filed a claim for the life insurance proceeds due under the policy. A true and correct copy of the Claimant's Statement is attached as Exhibit "D."

16. Jessica S. Mason subsequently signed a release agreement acknowledging Ms. Green as the beneficiary, yet, wrote Sun Life in June 2011 again challenging the beneficiary designation. True and correct copies of the signed release and letter are attached as Exhibit "E."

17. Nicole R. Mason also wrote to Sun Life stating her intent to challenge the beneficiary designation. A true and correct copy of Nicole R. Mason's letter is attached as Exhibit "F."

18. On or about June 8, 2011, Nicole R. Mason filed a claim for the life insurance proceeds due under the policy. A true and correct copy of the Claimant's Statement is attached as Exhibit "G."

19. Additionally, $13,682.46 of the policy proceeds were assigned to Beta Capital Corp. by Angeline M. Green for expenses associated with the funeral of decedent. A true and correct copy of the Burial Assignment is attached as Exhibit "H."

20. Sun Life has provided the defendants/claimants with the opportunity to resolve their competing claims; however, Sun Life has not been contacted by any party with a resolution in this matter. A true and correct copy of Sun Life's letter to the claimants is attached as Exhibit "I."

21. Based on the foregoing, there are competing claims for the proceeds due under the policy in the amount of $1480,000 between defendants/claimants Angeline M. Green, Nicole R. Mason, Jessica S. Mason and Beta Capital Corp.

## COUNT I-INTERPLEADER

22. Sun Life incorporates paragraphs 1 through 21 of this Interpleader Complaint and Request for Declaratory Judgment as if the same were set forth herein at length.

23. The claim of Angeline M. Green competes with that of Nicole R. Mason.

24. The claim of Angeline M. Green competes with that of Jessica S. Mason.

25. The claim of Angeline M. Green may compete with that of Beta Capital Corp.

26. The claim of Nicole R. Mason may compete with that of Jessica S. Mason.

27. The claim of Nicole R. Mason may compete with that of Beta Capital Corp.

28. The claim of Jessica S. Mason may compete with that of Beta Capital Corp.

29. As a result of the foregoing, there are conflicting claims for the policy proceeds.

30. Sun Life is unable to determine the proper beneficiary under the policy and is at risk of multiple liability due to defendants' competing claims.

31. Sun Life claims no interest in the benefits due.

32. Sun Life is an innocent entity and has in no way colluded with any of the claimants.

33. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person.

**WHEREFORE**, Sun Life Assurance Company of Canada respectfully requests that this Court enter an Order:

(a) directing Sun Life to deposit the life insurance proceeds due under the policy in the amount of $148,000 together with any applicable interest into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

(b) discharging Sun Life from any and all liability related to the life insurance proceeds due under the policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against Sun Life regarding the life insurance proceeds due under the policy;

(d) awarding to Sun Life its reasonable attorneys' fees and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

Respectfully submitted,

**SUN LIFE ASSURANCE COMPANY OF CANADA, Plaintiff/Stakeholder**

By: */s/ Edna S. Bailey*
Edna S. Bailey (IL6277775)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
312-821-6162 (Direct)
312-704-0550 (Main)
312-704-1522 (Fax)
edna.bailey@wilsonelser.com

Dated:  July 29, 2011